```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

MIKHEIL BERUASHVILI,

                    Plaintiff,
                                              ORDER
          - against -
                                              CV 2005-1646 (ENV)(MDG)
HOBART CORPORATION, et ano,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served
on:

     ANATOLY EYZENBERG.

- - - - - - - - - - - - - - - - - - -X
```

Deborah Trerotola, counsel for plaintiff, has moved by letter application dated June 30, 2006 to compel ANATOLY EYZENBERG (the "deponent") to comply with a subpoena requiring him to produce certain documents and testify at a deposition. As set forth in Ms. Trerotola's letter, the deponent failed to appear on the date set forth in a subpoena served upon him and has not responded to attempts by Ms. Trerotola's office to contact him to reschedule the deposition.

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P.

45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Advisory Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; Board of Govenors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e). See also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991) Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See Practice Commentary to Rule 45(e), 28 U.S.C. ¶C45-26.

Having examined the affidavit of service attached to Ms. Trerotola's letter, the Court finds that the subpoena in question was valid and properly served upon the deponent.

## CONCLUSION

The deponent, ANATOLY EYZENBERG , is hereby ORDERED to comply with the subpoena. He must immediately call Ms. Trerotola's office to arrange for a mutually convenient date for him to appear to produce documents requested by the subpoena and to give testimony. Deponent must call Ms. Trerotola's office by August 23, 2006 and appear for a deposition to be held on or

before September 14, 2006.  The discovery deadline is extended to permit completion of this deposition.

**ANATOLY EYZENBERG is warned that if he fails to comply with this order, he could be subject to contempt proceedings for failure to respond to the subpoena and this order.  If he is found to be in contempt of the subpoena or this order, he could be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs.  If the failure to comply continues, the court could issue a warrant of arrest for failure to comply with a court order.**

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 8, 2006

                                         s/_____
                                         MARILYN D. GO
                                         UNITED STATES MAGISTRATE JUDGE


To:  **ANATOLY EYZENBERG** (by overnight mail)