```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - - -X

MIKHEIL BERUASHVILI,

                        Plaintiff,

                                                      <u>ORDER</u>

          - against -

                                                        CV 2005-1646 (ENV)(MDG)

HOBART CORPORATION AND ILLINOIS TOOL
WORKS,

                    Defendants and
           Third-Party Plaintiffs,

          - against -

KING DAVID MEAT PALACE d/b/a/ BRIGHTON
KING MEATS,

                    Third-Party Defendants.

- - - - - - - - - - - - - - - - - - -X

By letter motion filed on August 3, 2006 (ct. doc. 41), plaintiff seeks to compel third party defendant, KING DAVID MEAT PALACE d/b/a/ BRIGHTON KING MEATS,[1] to provide further responses to certain requests for production.  There being no opposition filed and this Court finding that the requested information is discoverable, this application is granted.

Specifically, this Court agrees with plaintiff that the tax and payroll records sought in requests 1 and 2 may yield

---

[1] Although plaintiff's counsel states in his letter that he seeks to compel responses from King David Meat Palace d/b/a/ Brighton King Meats, he attaches to his application a request to produce directed at defendant Hobart Corporation.  Since Hobart has recently served responses (ct. doc. 43), this Court assumes that plaintiff is seeking no relief against Hobart.

admissible evidence regarding plaintiff's damages and employment histories of two relevant witnesses named "Sasha" and "Otari." However, this Court finds that plaintiff has not established particularized need for the private information contained in these records, including the Social Security numbers and wages of other employees, as well as the tax identification number of the third party defendant sought in request no. 10. <u>Entral Group International, LLC v. YHCL Vision Corp.</u>, No. CV 05-1912 (ERK), -- F. Supp.2d ---, 2006 WL 1589844 at * 1 (E.D.N.Y. June 7, 2006) (prohibiting disclosure of Social Security numbers in civil action absent particularized need); <u>Andrews v. Cruz</u>, NO. 04 CIV. 0566 (PAC)(RLE), 2006 WL 1984650, at *3 (S.D.N.Y. July 14, 2006) (upholding redaction of personal information of non-parties, including home address and family information). Since the accountants of the third party defendants may also have such information, the third party defendants must disclose the information regarding the accountants sought in Requests 4 and 5.

While this Court finds that the bill of sale for the new meat grinder may yield only tangential evidence (request 6), I cannot rule out that such evidence will not be inadmissible at trial.

Last, inasmuch as third party defendant has agreed to produce the documents sought in requests 7, 8, 11 and 12, which are clearly relevant, production should be promptly made.

## CONCLUSION

The motion to compel is granted, except that all Social Security or tax identification numbers and the personal information of non-parties, except for the business addresses of the accountants, need not be disclosed.

The information and/or documents must be produced by August 28, 2006.

**This order will be faxed to McMahon, Martine & Gallagher, counsel for the party defendant. Because no counsel has filed either a notice of appearance or answer on behalf of the third party defendant in this action, the firm is not listed on the docket sheet. Counsel should promptly enter their appearance; any counsel filing a notice of appearance must be registered for Electronic Case Filing to insure that he or she will receive future electronic notices of filings in this action.**

**SO ORDERED.**

Dated:  Brooklyn, New York
        August 17, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE